## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-4155 |
| | ) | |
| DRIVER SOLUTIONS, LLC; and DRIVER | ) | **Demand For Jury Trial** |
| HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, RLI Insurance Company ("RLI"), by its attorneys, brings this Complaint for Declaratory Judgment against the Defendants, Driver Solutions, LLC ("Driver Solutions"), and Driver Holdings, LLC ("Driver Holdings").  In support hereof, RLI alleges as follows:

### NATURE OF THE ACTION

1.      This is an insurance coverage dispute.  RLI seeks a declaration that it has no duty to defend or indemnify Driver Solutions under a liability insurance policy in connection with three counterclaims brought against Driver Solutions by three of its former students, Michael Downey, Paul Mitchell, and Joseph McAfee (collectively, the "Deceptive Trade Practice Counterclaim").  The students filed the Deceptive Trade Practice Counterclaim in response to three lawsuits initiated by Driver Solutions against the students to recover debt for tuition.  The students allege that the debt is unenforceable because Driver Solutions engaged in unfair and deceptive trade practices.

2.      RLI has no duty to defend or indemnify Driver Solutions under the RLI policy in connection with the Deceptive Trade Practice Counterclaim because coverage is barred by the policy's "Unfair Trade Practice and Consumer Protection Exclusion," which precludes coverage

for, among other things, damages and claim expenses in connection with any claim arising out of, directly or indirectly resulting from or in consequence of or in any way involving any actual or alleged violation of any unfair trade practices, consumer protection, or other similar law by any person.

## THE PARTIES

3.      RLI is an insurance company incorporated under the laws of the state of Illinois, with its principal place of business located in Peoria, Illinois.  As such, RLI is a citizen of Illinois and not a citizen of Indiana.

4.      Driver Solutions is a limited liability company organized under the laws of the state of Indiana with its principal place of business located in Indianapolis, Indiana.  Driver Solutions is wholly owned by Driver Holdings.  Driver Holdings is the sole member of Driver Solutions.

5.      Driver Holdings is a limited liability company organized under the laws of the state of Indiana with its principal place of business located in Indianapolis, Indiana.[1]  Driver Holdings' members are: (1) C&S Acquisition, Corporation; (2) Michael Benkert; (3) Mark Kinsel; and (4) Matt Carroll.

6.      C&S Acquisition, Corporation is a corporation organized under the laws of the state of Indiana with its principal place of business in Indianapolis, Indiana.  C&S Acquisition, Corporation is referenced herein as a member of Driver Holdings only to establish diversity jurisdiction with respect to Driver Holdings.

---

[1] Driver Holdings is named as a defendant herein only to the extent it, as the named insured on the RLI policy, is required to be named a necessary party or has an interest in the outcome of this dispute.  In the event Driver Holdings stipulates to be bound by the judgment of the Court, RLI will dismiss Driver Holdings from this action.

7.     Michael Benkert is an individual who, upon information and belief, is a citizen of Indiana residing in Greenwood, Indiana.  Mr. Benkert is referenced herein as a member of Driver Holdings only to establish diversity jurisdiction with respect to Driver Holdings.

8.     Mark Kinsel is an individual who, upon information and belief, is a citizen of Indiana residing in Fishers, Indiana.  Mr. Kinsel is referenced herein as a member of Driver Holdings only to establish diversity jurisdiction with respect to Driver Holdings.

9.     Matt Carroll is an individual who, upon information and belief, is a citizen of Indiana residing in Indianapolis, Indiana.  Mr. Carroll is referenced herein as a member of Driver Holdings only to establish diversity jurisdiction with respect to Driver Holdings.

10.     Based on the foregoing, both Driver Solutions and Driver Holdings are citizens of the state of Indiana for purposes of assessing diversity jurisdiction.

<u>**JURISDICTION AND VENUE**</u>

11.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, as RLI seeks a declaration of the parties' rights and obligations under the policy issued by RLI.

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Driver Solutions and Driver Holdings reside in the Southern District of Indiana.

14.     An actual controversy exists between RLI and the Defendants as to whether RLI has a duty to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim.

## THE RLI POLICY

15.     RLI issued Management Services Liability Policy No. RTP0008964 to Driver Holdings for the **Policy Period**[2] January 1, 2017 to January 1, 2018 (the "Policy").  The Policy contains a $1 million limit per **Claim** and $1 million **Policy Year** Aggregate, subject to a $10,000 per **Claim** Deductible that is inclusive of **Damages** and **Claim Expenses**.  The Policy's **Retroactive Date** is January 1, 2017.   **Damages** and **Claim Expenses** reduce the Policy's Limit of Liability.  The Policy provides a duty to defend any covered **Claim.**  A true and correct copy of the Policy is attached hereto as Exhibit A.

16.     The scope of errors and omissions coverage, as set forth in Section 1. Insuring Agreement (as modified by Endorsement RTP 378 (11/13)), states as follows:

> **1.     INSURING AGREEMENT**
>
> a.     The Insurer will pay on behalf of the **Insured**, **Claim Expenses** and **Damages** in excess of the Deductible and not exceeding the Limits of Liability shown on the Policy Declarations that the **Insured** shall become legally obligated to pay because of **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Insurer during the **Policy Period**, the Automatic Extended Reporting Period, or if applicable, during the Extended Reporting Period, for **Wrongful Acts**, committed on or subsequent to the **Retroactive Date** and before the end of the **Policy Period**, to which this insurance applies.

*     *     *

(Ex. A, at RLI000025)

---

[2] Terms in boldface type are defined in the Policy.

17.     Section 6.j. of the Policy (the "Unfair Trade Practice and Consumer Protection Exclusion") provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

> j.     any actual or alleged violation of any securities, antitrust, restraint of trade, unfair trade practices, consumer protection, or other similar law by any person, including but not limited to any **Insured**[.]

(Ex. A, at RLI000012.)

## THE DECEPTIVE TRADE PRACTICE COUNTERCLAIM

18.     On May 12, 2017, August 8, 2016, and August 10, 2016, Driver Solutions filed lawsuits against Messrs. Downey, Mitchell, and McAfee (collectively, the "Students") in the District Court for North Little Rock Arkansas, seeking to recover tuition from the Students in connection with their enrollment in a commercial truck-driving program (collectively, the "Debt Collection Actions").  True and correct copies of the complaints in the Debt Collection Actions are attached hereto as Exhibits B, C, and D, respectively.

19.     On June 15, June 23, and July 28, 2017, the Students filed their answers and counterclaims in response to the Debt Collection Actions (i.e., the Deceptive Trade Practice Counterclaim), alleging that the debt is unenforceable because Driver Solutions engaged in unfair and deceptive trade practices.  True and correct copies of the answers and counterclaims filed by Messrs. Downey, Mitchell, and McAfee are attached hereto as Exhibits E, F, and G, respectively.[3]

---

[3] While the Students filed separate counterclaims against Driver Solutions, the allegations and relief sought in the counterclaims are virtually identical.  RLI understands the counterclaims in the Deceptive Trade Practice Counterclaim have been transferred to the Circuit Court of Pulaski County, Arkansas and subsequently consolidated.

20.     The Students allege that Driver Solutions is in the business of providing education and placement services to individuals who wish to work in the commercial truck-driving industry.  (Ex. E, Countercl. ¶ 9, at RLI000043; Ex. F, Countercl. ¶ 9, at RLI000111; Ex. G, Countercl. ¶ 9, at RLI000179.)

21.     The Students allege that Driver Solutions targets individuals with little education and no experience in the truck-driving industry, promising high paying jobs in a rapidly growing industry.  (Ex. E, Countercl. ¶ 10, at RLI000043; Ex. F, Countercl. ¶ 10, at RLI000111; Ex. G, Countercl. ¶ 10., at RLI000179)

22.     The Students allege that Driver Solutions, through advertisements on its website, emphasizes its longstanding partnership with a company that provides on-the-job paid training for students who enroll in the driver training program of Driver Solutions' affiliate, C1 Truck Driver Training LLC ("C1").  (Ex. E, Countercl. ¶¶ 11-12, at RLI000043-44; Ex. F, Countercl. ¶¶ 11-12, at RLI000111-112; Ex. G, Countercl. ¶ 11, at RLI000179-180.)

23.     According to the Students, Driver Solutions allegedly agreed to pay for the Students' tuition in exchange for the Students' agreement to drive for the designated trucking company for a period of twelve (12) consecutive months. (Ex. E, Countercl. ¶ 70, at RLI000059-60; Ex. F, Countercl. ¶ 73, at RLI000126-27; Ex. G, Countercl. ¶ 63, at RLI000192-93.)

24.     The Students allege that Driver Solutions promised that they would make up to $50,000 in their first year of employment if they enrolled in the driver training program.  (Ex. E, Countercl. ¶ 70, at RLI000059-60; Ex. F, Countercl. ¶ 73, at RLI000126-27; Ex. G, Countercl. ¶ 63, at RLI000192-93.)

25.     The Students allege that, based on the foregoing representations, they decided to enroll in the driver training program facility located in Little Rock, Arkansas.  (Ex. E, Countercl.

¶ 35, at RLI000049; Ex. F, Countercl. ¶ 33, at RLI000116; Ex. G, Countercl. ¶ 32, at RLI000184.)

26.     The Students allege that, when they arrived at the driver training program, they were dismayed at the living conditions, including lodging which was allegedly dirty and cramped.  These living conditions were allegedly different than the conditions displayed online which showed pictures of a nice, clean facility, with new equipment and people with smiling faces. (Ex. E, Countercl. ¶¶ 34, 37, at RLI000049-50; Ex. F, Countercl. ¶ 34, at RLI000117; Ex. G, Countercl. ¶ 33, at RLI000185.)

27.     Mr. Downey alleges that, after completing the driver training program, he went to work for P.A.M. Transport, a company that provides on-the-job paid training for students who enroll in the C1 driver training program.  During his time with P.A.M., Mr. Downey allegedly made less than the minimum wage and because of the low wages he allegedly fell two months behind on his rent, and simply could not make ends meet for his family.  As a result, Mr. Downey was allegedly forced to resign from P.A.M.  (Ex. E, Countercl. ¶¶ 39-42, at RLI000050-51.)

28.     Mr. McAfee alleges that he went to work for U.S.A. Truck, another company that allegedly provides on-the-job paid training for students who enroll in the C1 driver training program.  During his time with U.S.A. Truck, Mr. McAfee allegedly made less money than he did as a store associate at Walmart.  Mr. McAfee alleges that he left his employment at U.S.A. Truck because his wages were far lower than he was promised.  (Ex. G, Countercl. ¶ 35, at RLI000185.)

29.     Mr. Mitchell alleges that, unlike Messrs. Downey and McAfee, he decided to leave the driver training program after he learned from a classmate that Driver Solutions

allegedly lied about the amount of wages the drivers would make with P.A.M. which, according to Mr. Mitchell, was as little as $75.00 per week.  (Ex. F, Countercl. ¶¶ 37-38, at RLI000117.)

30.     The Students contend that, after leaving the driver training program, they were harassed and bullied to enter into a payment plan to repay the tuition for the driver training program, before Driver Solutions ultimately filed the Debt Collection Actions.  (Ex. E, Countercl. ¶ 43, at RLI000051; Ex. F, Countercl. ¶ 39, at RLI000118; Ex. G, Countercl. ¶ 36, at RLI000185.)

31.     The Students allege that they filed the Deceptive Trade Practice Counterclaim as a compulsory counterclaim to the Debt Collection Actions.  (Ex. E, Countercl. ¶ 5, at RLI000042; Ex. F, Countercl. ¶ 5, at RLI000110; Ex. G, Countercl. ¶ 5, at RLI000178.)

32.     The Students bring the Deceptive Trade Practice Counterclaim on behalf of themselves and others similarly situated, which includes all individuals who attended the driver training program in North Little Rock, Arkansas between January 19, 2009 and the present, through Driver Solutions' "company-paid training" and did not complete one year of employment with the carrier, such as P.A.M. or U.S.A. Truck.  The Students assert claims on behalf of a class consisting of at least 433 members seeking to recover, among other things, tuition paid and out-of-pocket expenses incurred in connection with Driver Solutions' commercial truck-driving program.  (Ex. E, Countercl. ¶ 77, at RLI000061-63; Ex. F, Countercl. ¶ 80, at RLI000128-30; Ex. G, Countercl. ¶ 70, at RLI000194-96.)

33.     Among the deceptive trade practices at issue in the Deceptive Trade Practice Counterclaim, the Students allege that:

(a)     <u>Knowingly False Representations Were Made</u>: Driver Solutions knowingly made false representations to the Students and others about the benefits of its

services, including: (1) advertising the driver training program as "company-paid training" when the consumer (i.e., the student) is liable to pay $5,995.00 if the consumer does not complete one year of employment with the carrier; and (2) informing prospective students that they will make up to $50,000 in their first year of employment when Driver Solutions knew that drivers with P.A.M. or elsewhere rarely, if ever, made $50,000.  (Ex. E, Countercl. ¶ 70, at RLI000059-60; Ex. F, Countercl. ¶ 73, at RLI000126-27; Ex. G, Countercl. ¶ 63, at RLI000192-93.)

   (b) <u>Private Career Education Statutes and Regulations Were Violated</u>: Driver Solutions engaged in unconscionable acts in business, commerce or trade by repeatedly violating the regulations of the Arkansas Board of Career Education, including: (1) not obtaining a license from the State Board of Career Education to operate a school or serve as an admissions representative; (2) promising a prospective student employment with a truck driving company; (3) advertising the driver training program as "company-paid training" when the prospective student is liable to pay $5,995.00 if the student does not complete one year of employment with the carrier; (4) failing to disclose alternative driver training programs to those who inquire about alternative programs; (5) misleading prospective students about the facilities of and training at the driver training program; (6) misleading students about their future potential earnings; and (7) failing to meaningfully disclose the financial terms and conditions of the driver training program before individuals report for training in North Little Rock, Arkansas.  (Ex. E, Countercl. ¶ 80, at RLI000064-65; Ex. F, Countercl. ¶83, at RLI000131-32; Ex. G, Countercl. ¶ 73, at RLI000197-98.)

   (c) <u>Unenforceable Penalties Were Imposed</u>:  Driver Solutions engaged in unconscionable acts in business, commerce or trade by seeking to impose an unreasonable penalty upon those, such as the Students, who do not complete one year of employment with the

carrier.  (Ex. E, Countercl. ¶ 90, at RLI000069; Ex. F, Countercl. ¶ 93, at RLI000136; Ex. G, Countercl. ¶ 83, at RLI000202.)

           (d)    <u>Usurious Interest Rates Were Charged</u>:  All of Driver Solutions' contracts with the Students contain an interest rate exceeding the legal maximum rate in Arkansas. (Ex. E, Countercl. ¶ 104, at RLI000073; Ex. F, Countercl. ¶¶ 107-11, at RLI000140-41; Ex. G, Countercl. ¶¶ 97-101, at RLI000206-07.)

           (e)    <u>The Totality Of Conduct Was A Deceptive Trade Practice</u>:  Driver Solutions engaged in  a litany of unconscionable, false or deceptive acts in business, commerce or trade by, among other things: (1) making false and misleading statements about its services and the benefits prospective students can receive from those services; (2) repeatedly and systematically violating the statutes and regulations regarding private resident and correspondence schools; (3) charging usurious interest rates; (4) engaging in unconscionable debt collection practices, including demanding more than its records show it is owed and failing to follow the Arkansas Rules of Civil Procedure when serving complaints; and (5) engaging in numerous other unconscionable, false and deceptive acts. (Ex. E, Countercl. ¶ 116, at RLI000078-79; Ex. F, Countercl. ¶ 122, at RLI000146; Ex. G, Countercl. ¶ 112, at RLI000211-12.)

       34.    The facts forming the basis of the Deceptive Trade Practice Counterclaim are Driver Solutions' allegedly deceptive and unconscionable acts in business, commerce or trade. (Ex. E, Countercl. ¶ 116, at RLI00078-79; Ex. F, Countercl. ¶ 122, at RLI000146; Ex. G, Countercl. ¶ 112, at RLI000211-12.)

       35.    Counts I through V of the Deceptive Trade Practice Counterclaim allege violations of the Arkansas Deceptive Trade Practices Act, which is an unfair trade practice and

consumer protection law, for false and misleading statements, violating statutes and regulations pertaining to private education, imposing unenforceable penalties, charging usurious interest rates, and a "totality of conduct" constituting such deceptive trade practices acts. (Ex. E, Countercl. ¶¶ 68-121, at RLI00059-82; Ex. F, Countercl. ¶¶ 71-127, at RLI000126-49; Ex. G, Countercl. ¶¶ 61-117, at RLI000192-215.)

36.     The same alleged violations of the Arkansas Deceptive Trade Practices Act form the basis of the Students' request for a declaratory judgment that Driver Solutions' contract with the Students is void and unenforceable (Count VI), as well as their claims for common law usury (Count VII), Fraud (Count VIII), promissory estoppel (Count IX), and unjust enrichment (Count X).   (Ex. E, Countercl. ¶¶ 122-63, at RLI00082-101; Ex. F, Countercl. ¶¶ 128-72, at RLI000150-69; Ex. G, Countercl. ¶ 118-62, at RLI000216-35.)

37.     The relief sought in the Deceptive Trade Practice Counterclaim includes: (a) class certification; (b) a declaration that the deceptive trade practices complained of are unlawful; (c) a permanent injunction, restraining and preventing Driver Solutions (and its agents and assigns) from attempting to enforce its agreement; (d) a court order to undertake an accounting of all compensation to which the Students and other class members are entitled; (e) the amounts Driver Solutions seeks from the Students, the return of tuition paid by the Students under their agreements, the expenses incurred by the Students in attending the driver training program, and lost earnings; (f) punitive damages; and (g) attorneys' fees and costs.  (Ex. E, Countercl. ¶¶ 74, 97, at RLI000060-61, RLI000070, and RLI000101-02; Ex. F, Countercl. ¶¶ 77, 100, at RLI000127-28, RLI000137, and RLI000169-70; Ex. G, Countercl. ¶¶ 67, 90, at RLI000194, RLI000203, and RLI000235-36.)

## THE COVERAGE DISPUTE

38.     On July 12, 2017, Driver Solutions reported the counterclaims filed by Messrs. Downey and Mitchell to RLI seeking a defense under the Policy.

39.     After receiving notice of the Downey and Mitchell counterclaims, RLI advised Driver Solutions, in a letter dated August 12, 2017, that it was reviewing the matter for coverage and, for the reasons set out in its letter, there were, at that time, several limitations to coverage that were being considered by RLI.[4]  A true and correct copy of RLI's August 12, 2017 letter to Driver Solutions is attached hereto as Exhibit H.

40.     On November 8, 2017, RLI issued a letter to Driver Solutions disclaiming coverage for the Deceptive Trade Practice Counterclaim based upon the Policy's Unfair Trade Practice and Consumer Protection Exclusion, among other things.  A true and correct copy of RLI's November 8, 2017 letter to Driver Solutions is attached hereto as Exhibit I.

41.     An actual, present, and bona fide controversy exists between RLI and Driver Solutions with respect to whether RLI has a duty to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim.

42.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policy with respect to the Deceptive Trade Practice Counterclaim.

## COUNT I – DECLARATORY JUDGMENT

### (The Unfair Trade Practice and Consumer Protection Exclusion)

43.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 42 of this Complaint.

---

[4] After sending its August 12, 2017 letter, RLI learned that the third counterclaim, filed by Mr. McAfee, had been filed.

44.     Section 6.j. of the Policy, the Unfair Trade Practice and Consumer Protection Exclusion,  provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

> j.     any actual or alleged violation of any securities, antitrust, restraint of trade, *unfair trade practices*, *consumer protection*, or other similar law by any person, including but not limited to any **Insured**[.]

(Ex. A, at RLI000012, emphasis added.)

45.     The Deceptive Trade Practice Counterclaim alleges that Driver Solutions violated the Arkansas Deceptive Trade Practices Act by engaging in: (a) false representations to the Students and others about the benefits of its services; (b) unconscionable acts in business, commerce or trade by repeatedly violating the regulations of the Arkansas Board of Career Education; (c) unconscionable acts in business, commerce or trade by seeking to impose an unreasonable penalty upon those who do not complete one year of employment with the carrier; (d) charging usurious interest rates in the contracts with the Students; and (e) a litany of unconscionable, false or deceptive acts in business, commerce or trade and by engaging in unconscionable debt collection practices, including demanding more than its records show it is owed and failing to follow the Arkansas Rules of Civil Procedure when serving complaints.  (Ex. E, Countercl. ¶¶ 90, 116, at RLI00069, RLI000078-79; Ex. F, Countercl. ¶¶ 93, 122, at RLI000136, RLI000146; Ex. G, Countercl. ¶¶ 83, 112, at RLI000202, RLI000211-12.)

46.     The allegations in the Deceptive Trade Practice Counterclaim referenced above in Paragraph 45 form the basis of not only the Students' counts for violation of the Arkansas Deceptive Trade Practices Act, but all of their other counts as well.  But for these allegations, the Deceptive Trade Practices Counterclaim would not exist.

47.     The Unfair Trade Practice and Consumer Protection Exclusion precludes coverage for the Deceptive Trade Practice Counterclaim because the Deceptive Trade Practice Counterclaim arises out of, directly or indirectly results from or in consequence of or in any way involves any actual of alleged violation of any unfair trade practices, consumer protection, or other similar law by any person, including but not limited to any **Insured**.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT II – DECLARATORY JUDGMENT

### (No Wrongful Act)

48.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 47 of this Complaint.

49.     Section 5.q. of the Policy defines **Wrongful Act** in relevant part as "any actual or alleged error, omission or negligent act, committed solely in the rendering of or failure to render **Professional Services** by an **Insured** or any person or entity for which the **Insured** is legally liable. …" (Ex. A, at RLI000011.)

50.     Section 5.m. of the Policy defines **Professional Services** as "services rendered to others for a fee solely in the conduct of the **Insured's** profession as stated in Item 7. of the Policy Declarations, including such services provided electronically utilizing the Internet or a network of two or more computers."   Item 7. of the Policy Declarations identifies the **Insured's** profession as "Solely in the performance of providing **Staffing Services**, Driver Training and Education Services, Commercial Driver's License Testing Services."   (Ex. A, at RLI000002, RLI000011.)

51.     The Deceptive Trade Practices Counterclaim does not fall within the scope of coverage of the Policy to the extent that the Deceptive Trade Practice Counterclaim does not allege or involve a **Wrongful Act** as defined in the Policy.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT III – DECLARATORY JUDGMENT

### (The Retroactive Date)

52.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 51 of this Complaint.

53.     To the extent the **Wrongful Act** requirement can be satisfied, in order for the Deceptive Trade Practice Counterclaim to potentially fall within the Policy's scope of coverage, the **Wrongful Act** must have been committed on or subsequent to the January 1, 2017 **Retroactive Date** and before the end of the **Policy Period**.  (Ex. A, at RLI000025.)

54.     Mr. Downey attended the driver training program in 2012 and Messrs. Mitchell and McAfee attended the driver training program in 2015, which is prior to the January 1, 2017 **Retroactive Date**.  (Ex. B, ¶ 5, at RLI000031; Ex. C, ¶ 5, at RLI000033; Ex. D, ¶ 5, at RLI000035.)

55.     The proposed class the Students seek to represent consists of students who attended the driver training program as far back as January 19, 2009, which is also prior to the January 1, 2017 **Retroactive Date**.   (Ex. E, Countercl. ¶ 77, at RLI00061; Ex. F, Countercl. ¶ 80, at RLI000128; Ex. G, Countercl. ¶ 70, at RLI000194.)

56.     The Deceptive Trade Practices Counterclaim does not fall within the scope of coverage of the Policy to the extent that the **Wrongful Acts** alleged in the Deceptive Trade Practices Counterclaim took place prior to the January 1, 2017 **Retroactive Date**.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim,

including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)      awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT IV – DECLARATORY JUDGMENT

### (No Claim First Made)

57.      RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 56 of this Complaint.

58.      In order for the Deceptive Trade Practice Counterclaim to potentially fall within the Policy's scope of coverage, the Insuring Agreement in Section 1 of the Policy as amended by Endorsement RTP 378 (11/13), requires, among other things, a **Claim** to be first made against the **Insured** during the **Policy Period**.  (Ex. A, at RLI000025.)

59.      The term **Claim**, as defined in Section 5.c. (Endorsement RTP 343 (09/11)) of the Policy, means:

(i)      a demand for money as compensation for a **Wrongful Act**; or

(ii)     any judicial or administrative proceeding, mediation or arbitration initiated against any **Insured** seeking to hold such **Insured** responsible for a **Wrongful Act**, including any appeal therefrom; or

(iii)    any request to toll the statute of limitations relating to a **Wrongful Act**.

A **Claim** shall be considered first made when any **Insured** or the **Insured's** legal representative or agent first receives notice of the **Claim**.

(Ex. A, at RLI000023.)

17

60.     Section 7.g. of the Policy states as follows:

> **Claims** based upon or arising out of the same **Wrongful Act**, interrelated **Wrongful Acts**, or a series of similar or related **Wrongful Acts** shall be considered a single **Claim** subject to one **Claim** Limit and shall be considered first made during the **Policy Period**, the Automatic Extended Reporting Period or Extended Reporting Period, if applicable, in which the earliest **Claim** arising out of such **Wrongful Act(s)** was first made and all **Damages** from such **Claims** shall be subject to the one Limit of Liability that applies to such earliest **Claim**.

(Ex. A, at RLI000013.)

61.     There is no coverage for the Deceptive Trade Practice Counterclaim to the extent that it constitutes a **Claim** first made prior to inception of the **Policy Period**.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

### COUNT V – DECLARATORY JUDGMENT

**(The Guarantee Exclusion)**

62.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 61 of this Complaint.

63.     Section  6.c. of the Policy (the "Guarantee Exclusion") provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

> c.      any express warranties or guarantees by any **Insured**, or liability assumed by any **Insured** under any contract or agreement or agreement, unless an **Insured** would have been legally liable in the absence of such contract or agreement[.]

(Ex. A, at RLI000011.)

64.     Coverage for the Deceptive Trade Practice Counterclaim is barred or limited to the extent that the Guarantee Exclusion applies.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT VI – DECLARATORY JUDGMENT

### (The Prior Knowledge Exclusion)

65.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 64 of this Complaint.

66.    Section 6.d. of the Policy (the "Prior Knowledge Exclusion") provides that RLI

shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of,

directly or indirectly resulting from or in consequence of or in any way involving:

> d.    any **Circumstance** of which any partner, member, director, or officer of the **Insured** was aware prior to the effective date of this Policy and could have reasonably expected to give rise to a **Claim**; or any future **Claim** or litigation based upon or derived from the same or essentially the same **Circumstance**; provided that, if this Policy is a renewal of a Policy or Policies previously issued by the Insurer and if the coverage provided by the Insurer was continuous from the effective date of the first such other Policy to the effective date of this Policy, the reference in this Exclusion to "effective date" will mean the effective date of the first Policy under which the Insurer first provided continuous coverage to an **Insured**[.]

(Ex. A, at RLI000011.)

67.    Section 5.b. of the Policy defines **Circumstance** as "any fact, situation, event or

occurrence that could reasonably be the basis for a **Claim**." (Ex. A, at RLI000009.)

68.    The "effective date" of the Policy is January 1, 2017.

69.    Coverage for the Deceptive Trade Practice Counterclaim is barred or limited to

the extent that the Prior Knowledge Exclusion applies.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a

judgment:

(A)    declaring that RLI Insurance Company is not required to defend or indemnify

Driver Solutions in connection with the Deceptive Trade Practice Counterclaim,

including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242,

*Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver

Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in

the Circuit Court of Pulaski County, Arkansas; and

20

(B)     awarding RLI such other relief at law or in equity as this Court deems just and

proper.

## COUNT VII – DECLARATORY JUDGMENT

### (The Cost Guarantee or Cost Estimate Exclusion)

70.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1

through 69 of this Complaint.

71.     Section 6.o. of the Policy (the "Cost Guarantee or Cost Estimate Exclusion")

provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any

**Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way

involving:

> o.     any actual or alleged failure of any **Insured** to honor an **Insured's**
> cost guarantee or cost estimates for **Professional Services**
> rendered or to be rendered[.]

(Ex. A, at RLI000012.)

72.     Coverage for the Deceptive Trade Practice Counterclaim is barred or limited to

the extent that the Cost Guarantee or Cost Estimate Exclusion applies.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a

judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify

Driver Solutions in connection with the Deceptive Trade Practice Counterclaim,

including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242,

*Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver

Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in

the Circuit Court of Pulaski County, Arkansas; and

21

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT VIII – DECLARATORY JUDGMENT

### (The Collection Agent Exclusion)

73.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 72 of this Complaint.

74.     Section 6.1. of the Policy, as amended by Endorsement RTP 318 (09/11), (the "Collection Agent Exclusion") provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

> 1.     the rendering of failure to render services as a(n): Collection Agent, Loan Agent, Attorney, Accountant, Financial Planner, Investment Advisor.

(Ex. A, at RLI000021.)

75.     Coverage for the Deceptive Trade Practice Counterclaim is barred or limited to the extent that the Collection Agent Exclusion applies.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

22

(B)      awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT IX – DECLARATORY JUDGMENT

### (The Collection and Penalties Exclusion)

76.      RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 75 of this Complaint.

77.      Endorsement RTP 325 (09/11) of the Policy (the "Collection and Penalties Exclusion") provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

*        *        *

      5.      Payoff calculations and collections including penalties, yield maintenance and defeasance fees[.]

*        *        *

(Ex. A, at RLI000003.)

78.      Coverage for the Deceptive Trade Practice Counterclaim is barred or limited to the extent that the Collection and Penalties Exclusion applies.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)      declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver*

*Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in

the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and

proper.

### COUNT X – DECLARATORY JUDGMENT

**(Definition of Damages)**

79.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1

through 78 of this Complaint.

80.     In order for the Deceptive Trade Practice Counterclaim to potentially fall within

the Policy's scope of coverage, there must also be, among other things, a legal liability to pay

**Damages**, defined in Section 5.e. of the Policy as:

> monetary judgments or settlements, including but not limited to
> compensatory damages, pre-judgment and post-judgment interest that an
> **Insured** is legally obligated to pay, and punitive or exemplary damages to
> the extent such damages are insurable under applicable law. **Damages**
> does not include that portion of any multiplied damage award that exceeds
> the amount multiplied, criminal or civil fines or penalties imposed by law,
> taxes, matters deemed uninsurable under the law pursuant to which this
> Policy shall be construed, or the return, reduction or dispute over any fees,
> deposits, expenses, costs, or commissions charged or collected by the
> **Insured**. For the purpose of determining the insurability of punitive
> damages or exemplary damages, the laws of the jurisdiction most
> favorable to the insurability of such damages shall control that
> determination, provided that such jurisdiction has a substantial
> relationship to the **Named Insured** or to the **Claim** giving rise to such
> punitive damages and exemplary damages.

(Ex. A, at RLI000010.)

81.     The Deceptive Trade Practice Counterclaim does not fall within the scope of

coverage afforded by the Policy to the extent any relief sought by the Students does not

constitute **Damages** as that term is defined in the Policy.

24

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT XI – DECLARATORY JUDGMENT

### (The Conduct Exclusion)

82.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 81 of this Complaint.

83.     Section 6.a. of the Policy (the "Conduct Exclusion") provides that RLI shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

> a.     conduct by any **Insured** that is criminal, fraudulent, dishonest or with the intent to cause damage or the gaining by any **Insured** of any personal profit, remuneration or advantage to which any **Insured** was not legally entitled; provided however, the Exclusion shall not apply to **Claim Expenses** incurred until a final judgment or adjudication is rendered against any **Insured** as to this conduct[.]

(Ex. A, at RLI000011.)

84.     Coverage for the Deceptive Trade Practice Counterclaim is barred or limited to the extent the Conduct Exclusion applies.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A)     declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B)     awarding RLI such other relief at law or in equity as this Court deems just and proper.

## COUNT XII – DECLARATORY JUDGMENT

### (Misrepresentation)

85.     RLI repeats and incorporates by reference herein the allegations of Paragraphs 1 through 84 of this Complaint.

86.     Section 13. Representation and Severability of the Policy provides:

The **Insureds** represent that the particulars and statements contained in the Application and all attachments are true and agree that:

a.      those particulars and statements are the basis of this Policy and are to be considered as incorporated into and constituting a part of this Policy;

b.      those particulars and statements are material to the acceptance of the risk assumed by the Insurer; and

c.      this Policy is issued in reliance upon the truth of such representations.

Except for material facts or **Circumstances** known to the person or persons signing the Application, no statement in the Application of knowledge or information possessed by an **Insured** shall be imputed to

26

any other Insured for the purpose of determining the availability of coverage.

(Ex. A, at RLI000016.)

87.     The Application is the Professional Liability Errors and Omissions Insurance Application signed by Scott W. Sutter on December 5, 2016 on behalf of Driver Holdings.  (Ex. A, at RLI000007.)

88.     Questions 21 and 22 of the Application inquire, as follows:

21.     Does the person to be insured have knowledge or information of any act, error or omission which might reasonably be expected to give rise to a claim against him/her?

22.     After inquiry have any claims been made against any proposed Insured(s) during the past five (5) years?

*        *        *

It is understood and agreed that with respect to questions 20, 21 and 22, that is [sic] such knowledge or information exists any claim or action arising there from is excluded from this proposed coverage.

*        *        *

(Ex. A, at RLI000006.)

89.     In response to Question 21, the **Insured** answered "no." (Ex. A, at RLI000006.)

90.     In response to Question 22, the **Insured** listed prior lawsuits in a supplement to the Application involving, among other things, its debt collection practices.   (Ex. A, at RLI000006.)

91.     Coverage for the Deceptive Trade Practice Counterclaim is barred to the extent that the Deceptive Trade Practice Counterclaim arises from knowledge or information that the **Insured** did not accurately or completely disclose in response to Questions 21 and 22 of the Application.

WHEREFORE, the Plaintiff, RLI Insurance Company, requests that this Court enter a judgment:

(A) declaring that RLI Insurance Company is not required to defend or indemnify Driver Solutions in connection with the Deceptive Trade Practice Counterclaim, including: *Driver Solutions, LLC v. Michael Downey*, Case No. 60CV-17-3242, *Driver Solutions, LLC v. Paul Mitchell*, Case No. 60CV-17-3737, and *Driver Solutions, LLC v. Joseph McAfee*, Case No. 60CV-17-4820, which are pending in the Circuit Court of Pulaski County, Arkansas; and

(B) awarding RLI such other relief at law or in equity as this Court deems just and proper.

## RESERVATION OF RIGHTS

The Policy contains terms, conditions, and exclusions that may be relevant to the Deceptive Trade Practice Counterclaim but that are not currently implicated by this declaratory judgment action. Nothing in this complaint should be construed as a waiver by RLI of any coverage defenses under the Policy. RLI continues to reserve the right to raise all other terms, conditions, and exclusions as defenses to coverage for any claim made under the Policy where appropriate.

## REQUEST FOR JURY TRIAL

Plaintiff, RLI Insurance Company, by counsel, respectfully requests that this case be tried by jury.

Dated this 8th day of November, 2017.

Respectfully submitted,

RLI INSURANCE COMPANY

/s/ *Scott A. Harkness*
Scott A. Harkness (#16418-49)
Attorney for Plaintiff

Scott A. Harkness
NORRIS CHOPLIN SCHROEDER LLP
101 West Ohio Street, Ninth Floor
Indianapolis, IN 46204-4213
(317) 269-9330; (317) 269-9338 Fax
Email: sharkness@ncs-law.com

Michael T. Skoglund (pending admission pro hac vice)
Jason P. Minkin (pending admission pro hac vice)
BATESCAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 762-3100
Email: mskoglund@batescarey.com
        jminkin@batescarey.com